IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LAVARUS GLASS, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GEORGIA DEPARTMENT OF )<br>CORRECTIONS, *et al.*, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 5:13-CV-380 (MTT) |

## ORDER

Before the Court are the Plaintiff's motion for a preliminary injunction or temporary restraining order ("TRO") (Doc. 3) and Magistrate Judge Charles H. Weigle's Recommendation on the Plaintiff's complaint (Doc. 6).

A TRO or a preliminary injunction is only appropriate where the movant demonstrates: "(a) there is a substantial likelihood of success on the merits; (b) the TRO or preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and (d) the TRO or preliminary injunction would not be adverse to the public interest." *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). An irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal quotation marks and citation omitted). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of

persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (internal quotation marks and citation omitted). The Plaintiff does not allege any conditions warranting such extraordinary relief. While the complaint alleges an incident of sexual assault and alleges the Plaintiff has received threats, the Plaintiff has not shown irreparable injury is actual and imminent such that a TRO or preliminary injunction is necessary to prevent it. Therefore, the Plaintiff has failed to meet at least one of the four prerequisites for granting this type of relief, and his motion is **DENIED**.

After screening the complaint pursuant to 28 U.S.C. § 1915A, the Magistrate Judge recommends dismissing Defendants Georgia Department of Corrections ("DOC") and Macon State Prison ("MSP") because they are not subject to suit pursuant to 42 U.S.C. § 1983. The Magistrate Judge further recommends dismissing Defendants Warden Gregory McLaughlin and Deputy Warden Don Blakely because they are not subject to suit by virtue of their supervisory positions alone, and the Plaintiff has failed to allege they were personally involved in or had a causal connection to the acts in question. Finally, the Magistrate Judge recommends dismissing Defendants Unit Manager Trevonza Bobbitt, MSP Doctor Jones, and MSP Counselor Thomas because the Plaintiff's complaint makes no reference to any wrongdoing by them. The Plaintiff has objected to the Recommendation. (Doc. 16). The Court has thoroughly considered the Plaintiff's objections and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

In his objection, the Plaintiff contends Defendant Bobbitt should not be dismissed because the complaint states Bobbitt was notified that Defendant Felton (who the

Plaintiff contends sexually assaulted him) should not be in the same dorm as the Plaintiff and that Bobbitt failed to take "corrective measures within his means to ensure Plaintiff's security and welfare." (Doc. 16 at 1-2). While the complaint does state Bobbitt was told Felton should not be in the same dorm as the Plaintiff,[1] it does not allege any conduct on the part of Bobbitt that caused a constitutional deprivation to the Plaintiff. Therefore, the Court agrees with the Recommendation that Bobbitt should be dismissed as a defendant in this action.

The Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the order of this Court. Accordingly, Defendants DOC, MSP, McLaughlin, Blakely, Bobbitt, Jones, and Thomas are **DISMISSED** from this action. The claims against Defendants Jackson, Felton, Hayes, Raines, Smith, Eaddie, and Nelson shall remain pending. Further, for the reasons discussed above, the Plaintiff's motion for a preliminary injunction or TRO is **DENIED**.

**SO ORDERED**, this 4th day of December, 2013.

     _____
     MARC T. TREADWELL, JUDGE
     UNITED STATES DISTRICT COURT

---

[1] "Dr. Solone, who did Plaintiff's PREA evaluation, notified defendants Jones, Bobbitt, Thomas, and Eaddie that at no time during the investigation is defendant Felton to be in the same dorm with Plaintiff." (Doc. 1-1 at 6).