**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **LAVARUS GLASS,** | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No: 5:13-cv-380 (MTT)** |
| | **:** | |
| **CYNTHIA NELSON,** *et al.***,** | **:** | **Proceedings Under 42 U.S.C. § 1983** |
| **Defendants.** | **:** | **Before the U.S. Magistrate Judge** |

## RECOMMENDATION

Before the Court are the Motions to Dismiss filed by Defendants Jonathan Felton, Steven Hayes, Ryan Raines, Kelin Smith, Peter Eaddie, Cynthia Nelson, and Barbara Jackson. Docs. 30, 34. In the Motions, Defendants principally argue that Plaintiff Lavarus Glass's claims against them should be dismissed for failure to exhaust administrative remedies, failure to state a claim, Eleventh Amendment immunity, and qualified immunity. For the reasons stated below, it is **RECOMMENDED** that Defendants' Motions to Dismiss be **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves an alleged sexual assault by a prison officer and subsequent acts of retaliation by various prison officials at Macon State Prison. On October 7, 2013, Plaintiff Lavarus Glass, an inmate presently confined at Ware State Prison, filed his original complaint pursuant to 42 U.S.C. § 1983 against Defendants Georgia Department of Corrections, Macon State Prison, Regional Director Cynthia Nelson, Warden Gregory McLaughlin, Deputy Warden Don Blakely, Unit Manager Trevonza Bobbitt, Lieutenant Peter Eaddie, Lieutenant Barbara Jackson, Doctor Jones, Counselor Thomas, Officer Ryan Raines, Officer Steven Hayes, Officer Kelin Smith, and Officer Jonathan Felton. Doc. 1. On December 23, 2013, Plaintiff filed another complaint pursuant

to 42 U.S.C. § 1983 involving the same series of events against two of the same Defendants, namely Officer Raines and Officer Smith. Doc. 1 in Glass v. Smith, Case No. 5:13-cv-462 (CAR). Because both complaints arose from the same series of events and involved the same parties, the Court ordered that the instant case be consolidated with Glass v. Smith, Case No. 5:13-cv-462 (CAR), and that Glass v. Smith, Case No. 5:13-cv-462 (CAR) be administratively closed. Doc. 25. In accordance with the Court's consolidation order, the Clerk of Court refiled Plaintiff's complaint in Glass v. Smith, Case No. 5:13-cv-462 (CAR) as a supplement to his original complaint in the instant case. Doc. 24.

According to Plaintiff, on August 21, 2013, Officer Felton asked Plaintiff to remove his hand from the tray flap of his cell after giving Plaintiff his dinner tray. Doc. 1-1 at 4. Officer Felton then reached through the tray flap and squeezed Plaintiff's penis and testicles, which caused Plaintiff to experience pain. Id. When Plaintiff reported the incident to Lieutenant Jackson, Lieutenant Jackson closed the tray flap and told Plaintiff that she didn't care. Id. After Lieutenant Jackson left, Officer Felton returned and Plaintiff requested a grievance form. Id. at 5. Officer Felton refused Plaintiff's request and called Plaintiff a "snitch." Id.

On August 27, 2013, Officer Hayes informed Plaintiff that Officer Felton had asked other officers to retaliate against Plaintiff. Doc. 1-1 at 5. That same day, Officer Raines told Plaintiff that retaliation "means you don't get no mail or nothing" before he walked past Plaintiff's cell with the mail. Id. Officer Felton also advised other inmates that Plaintiff was a "snitch" on August 27, 2013, after which multiple inmates began to threaten Plaintiff. Id. at 6.

Approximately two weeks later, on September 11, 2013, Officer Smith refused to allow Plaintiff to shower for one week. Doc. 24 at 7. Officer Smith also removed a twenty dollar bill from his wallet and told Plaintiff that amount of money was enough to end his life in prison. Id. In

addition, Officer Smith once stated that Plaintiff "shouldn't be a snitch" in front of other inmates after which Plaintiff received threats from other inmates. Id. at 8.

On September 23, 2013, Officer Felton informed Plaintiff that he could not transfer to another prison because Officer Felton already had inmates at Macon State Prison contact inmates at different prisons and inform them that Plaintiff was a "snitch." Doc. 1-1 at 7. Also on September 23, 2013, Officer Felton told Plaintiff that "he would pay someone to stab Plaintiff if he signed off of protected custody and came to the general population for fifteen minutes." Doc. 1 at 4. The next day, Plaintiff reported Officer Felton's threats to Lieutenant Eaddie and Regional Director Nelson, but neither Lieutenant Eaddie nor Regional Director Nelson took any steps to protect Plaintiff. Doc. 1-1 at 7-8.

On December 10, 2013, while Officer Raines and Officer Smith were escorting Plaintiff back to his cell, Officer Smith made inappropriate sexual remarks to Plaintiff. Doc. 24 at 8. When Plaintiff asked Officer Raines and Officer Smith for a grievance form to document Officer Smith's remarks, both Officer Raines and Officer Smith refused Plaintiff's request and threatened Plaintiff. Id. at 9. After Officer Raines and Officer Smith left, Plaintiff received a grievance form from a nonparty officer, and Plaintiff submitted his completed grievance form about the incident on December 12, 2013. Id. at 9-10. Officer Smith also threatened Plaintiff during a disagreement about Plaintiff's shower on December 13, 2013. Id. at 10.

Based on these allegations, Plaintiff sued the fourteen named Defendants in their individual and official capacities. Doc. 1-1 at 1. In relief, Plaintiff sought declaratory relief, injunctive relief, and monetary damages. Id. at 10-11. Following a frivolity review of Plaintiff's complaint under 28 U.S.C. § 1915A, the Court filed an order and recommendation, which concluded that Plaintiff had alleged colorable constitutional claims against Regional Director

Nelson, Lieutenant Eaddie, Lieutenant Jackson, Officer Raines, Officer Hayes, Officer Smith, and Officer Felton. Doc 6. Even so, it was recommended that the Georgia Department of Corrections, Macon State Prison, Warden McLaughlin, Deputy Warden Blakely, Unit Manager Bobbitt, Doctor Jones, and Counselor Thomas be dismissed as Defendants in the above-styled case. Id. After reviewing Plaintiff's objections, the Court adopted the recommendation and made it the order of the Court. Docs. 16, 18. The seven remaining named Defendants filed two separate Motions to Dismiss. Docs. 30, 34. Plaintiff responded to Defendants' Motions to Dismiss, and Defendants replied to Plaintiff's response. Docs. 37, 39.

DISCUSSION

Defendants' Motions to Dismiss argue that Plaintiff failed to exhaust his administrative remedies and that Plaintiff failed to state a claim upon which relief may be granted. Because the record establishes that Plaintiff failed to exhaust his administrative remedies regarding all of his claims except for his sexual assault claim against Officer Felton, all of Plaintiff's other claims must be dismissed for failure to exhaust. Moreover, because Plaintiff's sexual assault claim against Officer Felton does not state a claim upon which relief may be granted under the Eighth Amendment, this claim also must be dismissed.

A.    Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] [...], or any other federal law, by a prisoner confined in any [...] prison [...] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of all available administrative remedies is a mandatory precondition to filing suit, and federal courts cannot waive the exhaustion requirement. Booth v. Churner, 532 U.S. 731, 734 (2001); Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998). The exhaustion

requirement requires proper exhaustion in compliance with the administrative process, and any claims that are not properly exhausted must be dismissed. Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999).

The exhaustion of available administrative remedies is mandatory, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander, 159 F.3d at 1326. In order to satisfy the exhaustion requirement, the plaintiff must pursue all available administrative remedies fully. Harper, 179 F.3d at 1312. Because the plaintiff must exhaust his administrative remedies fully before commencing his lawsuit in federal court, any claims that were not exhausted before the plaintiff filed his original complaint must be dismissed even if the plaintiff exhausts his administrative remedies at some future date. Smith v. Terry, 491 Fed. Appx. 81, 83-84 (11th Cir. 2012).

Where a motion to dismiss is based on the affirmative defense of failure to exhaust administrative remedies, review of the motion involves a two-step process. Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. Id. If they conflict, the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the complaint is not subject to dismissal under the plaintiff's version of the facts, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At the second stage of the analysis, it is the defendant's burden to prove that the plaintiff failed to exhaust his available administrative remedies. Id.

In this case, Defendants have provided the Court with undisputed evidence that Plaintiff failed to exhaust his available administrative remedies regarding all but one of his claims before

Plaintiff filed his original complaint and the supplement thereto. Defendants have attached the affidavit of Eddie Walker, the Chief Counselor and Grievance Coordinator at Macon State Prison. Doc. 30-2 at 1-5. Defendants also have attached the Georgia Department of Corrections Standard Operating Procedure (GDOC SOP), which is labeled as Exhibit 1. Id. at 6-31. The GDOC SOP sets forth the statewide grievance procedure under which inmates must attempt to resolve their grievances by following two steps: (1) file an original grievance, which will be screened prior to processing and delivery of a response; and (2) file a central office appeal after one of three specific occurrences takes place in response to the original grievance. Id.

Additionally, Defendants have provided Plaintiff's grievance history, which is labeled as Exhibit 2. Doc. 30-2 at 32-34. According to Plaintiff's grievance history, Plaintiff filed seven different grievances at Macon State Prison between August 22, 2013 and December 23, 2013. Id. Four of these seven grievances—grievance number 155765, grievance number 156403, grievance number 157161, and grievance number 163616—involve the allegations made by Plaintiff in this case. Id. at 35-55. Defendants also have attached the internal documents associated with grievance number 155765, grievance number 156403, grievance number 157161, and grievance number 163616, which are labeled as Exhibit 3, Exhibit 4, Exhibit 5, and Exhibit 6 respectively. Id.

Regarding grievance number 155765, Plaintiff completed his original grievance form on August 22, 2013. Doc. 30-2 at 37. The original grievance form alleged that Officer Felton sexually assaulted Plaintiff on August 21, 2013, by reaching through the tray flap and squeezing Plaintiff's penis and testicles, which caused Plaintiff to experience pain. Id. Because the grievance involved an alleged sexual assault, grievance number 155765 was forwarded to the Sexual Assault Response Team (SART), which found Plaintiff's allegations to be unsubstantiated. Id. at 38. Nevertheless, the SART determined that the incident should be processed through a Prison Rape

Elimination Act investigation. Id. In addition, Plaintiff's allegations were forwarded to the GDOC Internal Investigations Unit for a formal investigation. Id. at 36. As such, grievance number 155765 was "effectively closed" on August 22, 2013. Id. Plaintiff therefore successfully completed all of the necessary steps in the statewide grievance procedure with regard to grievance number 155765 before he filed his original complaint on October 7, 2013.

Regarding grievance number 156403, Plaintiff completed his original grievance form on August 28, 2013. Doc. 30-2 at 41. The original grievance form alleged that Officer Felton called Plaintiff a "snitch" in front of other inmates on August 27, 2013, which Plaintiff described as retaliation for Plaintiff previously filing another grievance accusing Officer Felton of sexual assault. Id. Plaintiff requested to withdraw grievance number 156403 on October 23, 2013. Id. at 40. Because Plaintiff withdrew grievance number 156403 and never pursued a central office appeal, Plaintiff failed to fulfill all of the necessary steps in the statewide grievance procedure with regard to grievance number 156403 before he filed his original complaint on October 7, 2013.

Regarding grievance number 157161, Plaintiff completed his original grievance form on September 12, 2013. Doc. 30-2 at 47. The original grievance form alleged that Officer Smith refused to allow Plaintiff to shower, referenced Plaintiff's "snitching," and removed a twenty dollar bill from his wallet and told Plaintiff that amount of money was enough to end his life in prison on September 12, 2013. Id. The warden denied Plaintiff's grievance as devoid of merit on October 3, 2013, concluding that internal investigations revealed that Officer Smith twice asked Plaintiff if he wanted to shower to which Plaintiff responded "no" and that no evidence supported Plaintiff's claim that Officer Smith had addressed him in an unprofessional manner. Id. at 48. After receiving the warden's response, Plaintiff did not pursue a central office appeal. Plaintiff therefore

failed to fulfill all of the necessary steps in the statewide grievance procedure with regard to grievance number 157161 before he filed his original complaint on October 7, 2013.

Regarding grievance number 163616, Plaintiff completed his original grievance form on December 10, 2013. Doc. 30-2 at 55. The original grievance form alleged that Officer Smith sexually harassed Plaintiff on December 10, 2013, by making inappropriate sexual remarks and by refusing to give Plaintiff a grievance form. Id. The local investigative report and recommendation concerning this grievance was submitted to the prison grievance coordinator on January 14, 2014. Id. at 54. Because this grievance remained pending at step one of the two-step statewide grievance procedure when Plaintiff filed his second complaint in Glass v. Smith, Case No. 5:13-cv-462 (CAR), Plaintiff failed to fulfill all of the necessary steps in the statewide grievance procedure with regard to grievance number 163616 before he filed his supplement to his original complaint in the instant case on December 23, 2013.

Although the four above-discussed grievances are germane to the claims made by Plaintiff, Plaintiff only properly exhausted his available administrative remedies with regard to grievance number 155765, which addresses the alleged sexual assault by Officer Felton. By contrast, Defendants have provided the Court with undisputed evidence that both grievance number 156403 and grievance number 157161 were not properly exhausted before Plaintiff filed his original complaint in the instant case on October 7, 2013. Defendants also have provided the Court with undisputed evidence that Plaintiff did not exhaust all available administrative remedies with regard to grievance number 163616 before he filed his second complaint in Glass v. Smith, Case No. 5:13-cv-462 (CAR), on December 23, 2013. Because the record establishes that Plaintiff failed to exhaust his available administrative remedies regarding all but one of his claims before filing his original complaint or the supplement thereto, it is appropriate for the Court to dismiss all

8

of Plaintiff's claims except for his sexual assault claim against Officer Felton. See Smith, 491 Fed. Appx. at 83-84 (finding that because the plaintiff failed to exhaust his administrative remedies before he filed his original complaint, dismissal for failure to exhaust was proper).

B.      Failure to State a Claim

       *1. Applicable Legal Standards*

A complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 556. When considering a motion to dismiss for failure to state a claim, the Court must accept all allegations in the complaint as true, and the Court must construe the facts in the light most favorable to the plaintiff. Lopez v. Target Corp., 676 F.3d 1230, 1232 (11th Cir. 2012). The Court, however, is not bound to accept as true "'a legal conclusion couched as a factual allegation.'" Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 555. It is well-established that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679, citing Twombly, 550 U.S. at 556. Additionally, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

## 2. *Plaintiff's Sexual Assault Claim*

Claims alleging physical or sexual abuse of prisoners are analyzed under the Eighth Amendment, which forbids the imposition of cruel and unusual punishment. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[S]evere or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006). To establish a claim of sexual abuse, the prisoner must prove an objective component, "which requires that the injury be 'objectively, sufficiently serious,' and a subjective component, which requires the prison official have a 'sufficiently culpable state of mind.'" Id., quoting Farmer, 511 U.S. at 834. More recently, the Supreme Court clarified that, if the amount of force used is disproportional with the level of injury sustained, the Court should focus its inquiry on whether the prison official used more than a *de minimis* amount of force. Wilkins v. Gaddy, 559 U.S. 34, 38 (2010) (explaining that "[i]njury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts."). Nonetheless, the extent of the prisoner's injury may suggest whether the prison official used excessive force, and the Eighth Amendment necessarily excludes *de minimis* uses of physical force from constitutional recognition. Id. at 37-38.

In this case, Plaintiff alleges that Officer Felton asked Plaintiff to remove his hand from the tray flap of his cell after Officer Felton delivered Plaintiff's dinner tray. Plaintiff further alleges that Officer Felton then reached through the tray flap of his cell and squeezed Plaintiff's penis and testicles. According to Plaintiff, this one-time touching of his genitals by Officer Felton caused Plaintiff to experience pain. Other than his cursory claim that he experienced an unspecified amount of pain for an undefined length of time, there is no allegation that Plaintiff suffered any physical injury. Similarly, there is no allegation that Plaintiff required any medical treatment because of the incident with Officer Felton.

The one-time touching of Plaintiff's genitals by Officer Felton does not constitute an Eighth Amendment violation because it does not rise to the level of "severe or repetitive sexual abuse of a prisoner by a prison official." <u>Boxer X</u>, 437 F.3d at 1111. Nowhere in the original complaint or the supplement thereto does Plaintiff provide a sufficient factual basis for the Court to infer either an "objectively, sufficiently serious" injury or a "sufficiently culpable state of mind." <u>Id</u>. It is well-established that "[a]ssaults that result in only *de minimis* harm do not rise to the level of constitutional infractions unless the behavior of the officer in question can be deemed 'repugnant to the conscience of mankind.'" <u>Washington v. Harris</u>, 186 Fed. Appx. 865, 866 (11th Cir. 2006), quoting <u>Hudson v. McMillian</u>, 503 U.S. 1, 9-10 (1992) (internal citations omitted). Where, as here, Plaintiff alleges that he experienced pain after being subjected to an offensive and unsolicited touching of his genitals by Officer Felton, this sort of *de minimis* injury "do[es] not rise to the level of constitutional harm," and Officer Felton's conduct, while inappropriate and vulgar, "is not repugnant to humanity's conscience." <u>Washington</u>, 186 Fed. Appx. at 866; <u>see also</u> <u>Oliver v. Falla</u>, 258 F.3d 1277, 1282 (11th Cir. 2001) (stating that "in an Eighth Amendment case, the plaintiff must show actual injury."). Similarly, there is no basis to infer that Officer Felton demonstrated "'a subjectively culpable state of mind'" because there are no factual allegations tending to show that Officer Felton had the subjective intent to commit a sexual assault or that Officer Felton used force maliciously or sadistically in order to harm Plaintiff. <u>Boxer X</u>, 437 F.3d at 1111, quoting <u>Farmer</u>, 511 U.S. at 834; <u>see also</u> <u>Johnson v. House</u>, 2013 WL 6145538 at *5 (N.D. Ala. 2013) (dismissing a prisoner's sexual assault claim against a prison official under 28 U.S.C. § 1915A(b) for failure to state a claim because "the facts as alleged by the plaintiff do not suggest that the defendant had a subjectively culpable state of mind or the subjective intent to commit a sexual assault or otherwise cause the plaintiff harm.").

Accordingly, even after accepting the factual allegations in the complaint as true and construing those allegations in the light most favorable to Plaintiff, Plaintiff simply does not allege "sufficient factual matter" to state a sexual assault claim against Officer Felton under the Eighth Amendment that is "plausible on its face." Iqbal, 556 U.S. at 678.

CONCLUSION

Because Plaintiff failed to exhaust his available administrative remedies regarding all of his claims except for his sexual assault claim against Officer Felton before filing his original complaint and the supplement thereto, all of Plaintiff's other claims must be dismissed for failure to exhaust. Moreover, because Plaintiff's sexual assault claim against Officer Felton failed to state a claim upon which relief may be granted under the Eighth Amendment, this claim also must be dismissed. Consequently, it is hereby **RECOMMENDED** that Defendants' Motions to Dismiss (Docs. 30, 34) be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom the case is assigned **within fourteen (14) days** after being served with a copy thereof.

SO RECOMMENDED, this 23rd day of May, 2014.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge